**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VIRGILIO GUERRA-MOLINA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71162<br><br>Agency No. A078-677-068<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:   SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Virgilio Guerra-Molina, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the BIA's determination that even if Guerra-Molina established past persecution, the government rebutted the presumption of a well-founded fear of future persecution with evidence he could reasonably relocate within Guatemala to avoid harm. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (presumption of well-founded fear can be rebutted if the government can show the applicant could reasonably be expected to relocate). Accordingly, Guerra-Molina's asylum claim fails.

Because Guerra-Molina failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief because Guerra-Molina failed to establish it is more likely than not he will be tortured and failed to present substantial grounds for believing he would be unable to live elsewhere in Guatemala safely. *See Hasan v, Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004); *see also* 8 C.F.R. § 1208.16(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**

10-71162